[No. 6410.   Decided January 9, 1907.]

DANIEL E. RICE *et al.*, *Appellants*, v. KNOSTMAN & FRANKE, *Respondents.*[1]

CONTRACTS—CONSTRUCTION—TROVER AND COVERSION.   Under a contract whereby C. was to cut a certain quantity of plaintiff's timber for which he was to be paid a fixed sum, and was allowed to cut other timber for himself at a certain price per thousand feet as stumpage, without any provision as to which should be cut first, it is not a violation of the contract to cut his part first, and a sale thereof by him before cutting the timber for the plaintiffs would not amount to a conversion of their property.

APPEAL—RECORD.   Error in admitting or excluding evidence cannot be considered in the absence of a bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered July 7, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for conversion. Affirmed.

*Geo. W. Shaefer*, for appellants.

*Lester P. Edge* and *Joseph McCarthy*, for respondents.

FULLERTON, J.—The appellants sued the respondents to recover the value of certain lumber which they claimed to be their property, and which they alleged the respondents had wrongfully taken and converted to their own use.   The action was tried in the court below by the judge sitting without a jury, and resulted in a judgment for the respondents.   The evidence introduced at the trial is not brought up in the record, and the only question presented on the appeal which we are empowered to consider is, do the findings of fact support the judgment.

In substance the court found that one Albert Clark owned a sawmill situated near certain lands belonging to the appel-

[1]Reported in 88 Pac. 194.

lants on which there was a body of timber; that the appellants and Clark entered into a written contract by the terms of which it was agreed, (1) that Clark should cut from off the lands of the appellants logs sufficient to make one hundred thousand feet of lumber, saw the same into lumber and deliver the same to the appellants, for which he should receive a consideration of $475; (2) that Clark should have the privilege of cutting for himself twenty-five thousand feet of lumber, in addition to the one hundred thousand feet he agreed to cut for the appellants, and should pay therefor at the rate of $2.35 per thousand feet as stumpage; (3) that the foregoing contracts were separate and distinct; (4) that no provision was made in the writing as to which of these quantities should be cut first, the only provision on that subject being that all of the lumber should be cut between November 11, 1905, and January 11, 1906. The court further found that, acting in pursuance of this agreement, Clark cut from off the lands of the appellants about forty-four thousand feet of lumber; twenty-six thousand feet of which he delivered to the appellants; eleven or twelve thousand feet of which he sold and delivered to the respondents, and three or four thousand feet to persons other than the respondents; that the respondents on receiving such lumber had no knowledge that the appellants made any claim thereto, and that they paid to Clark at the time of receiving the same its full market value.

As a conclusion of law the court found that the appellants were not entitled to recover for the value of the lumber so delivered by Clark to the respondents, and entered a judgment accordingly.

In support of their contention that the findings warrant a judgment in their favor, the appellants argue that the contract required Clark to first cut the one hundred thousand feet before cutting any part of the twenty-five thousand feet he was permitted to cut on his behalf, and from this the conclusion is drawn that all of the lumber cut was the lumber of

the appellants, and that Clark was without power to sell it and pass title thereto. But the contract as found by the court—and that is all that we are permitted to consider—did not prescribe the order in which the lumber must be cut. Clark was at liberty, therefore, to cut his portion before, at the same time, or after he cut the other, without violating any of the terms of the contract, and the finding of the court that he had sold to the respondents lumber cut from logs taken from the appellants' land, does not warrant the conclusion that the lumber so sold belonged to the appellants. No doubt had the lumber been cut under that part of the contract relating to the one hundred thousand feet it would have belonged to the appellants, and they could have recovered for its conversion by the respondents. But inasmuch as the court failed to make such a finding, we must presume that Clark acted within his rights and sold only such lumber as he was authorized to sell. The burden was on the appellants to prove a breach of the contract, and this was not done by first proving the contract, and then proving that Clark had sold lumber before he had completed cutting one hundred thousand feet.

The appellants further complain of the rulings of the court in admitting and excluding certain evidence, but these are questions that cannot be reviewed in the absence of a statement of facts or bill of exceptions making the rulings a part of the record.

The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, DUNBAR, and HADLEY, JJ., concur.